IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHERMAN GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  08-3152 |
| | ) | |
| DONALD GAETZ, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Sherman Gibson has filed his Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 (d/e 1) and Amended Motion for Court to Grant Petitioner's Habeas Corpus Relief Due to the Prosecutioner's Inordinate Delay and State Court's Failure to Give Petitioner a Full and Fair Due Process Hearing (d/e 6) (collectively the "Petition").  The Respondent has moved to dismiss the Petition.  <u>Motion to Dismiss as Noncognizable (d/e 16) (Motion)</u>.  For the reasons set forth below, the Respondent's Motion is ALLOWED.

In 1982, Gibson was convicted in Sangamon County, Illinois, Circuit Court, of home invasion, rape, deviate sexual assault, burglary, and felony

1

theft. He was sentenced to 45 years in prison. In September 2001, Gibson filed a motion in state court to conduct DNA testing of the samples taken from the victim during the investigation and retained by the state. The Circuit Court denied the request. In May 2005, the Illinois Appellate Court reversed the Circuit Court's denial of the request for DNA testing. The tests were conducted in July 2006. Gibson submitted a copy of the test results. The results stated in part:

> A second human DNA profile was identified in the sperm fraction of Exhibit 3B and Sherman Gibson cannot be excluded. Approximately 1 in 92,000 Black, 1 in 440,000 White, or 1 in 160,000 Hispanic unrelated individuals cannot be excluded as having contributed to this additional profile at the D3S1358, vWA, FGA, D8S1179, D21S11, D5S818, and Amelogenin loci. [The victim's spouse] can be excluded as having contributed to this mixture.

<u>Amended Motion for Court to Grant Petitioner's Habeas Corpus Relief Due to the Prosecutioner's Inordinate Delay and State Court's Failure to Give Petitioner a Full and Fair Due Process Hearing (d/e 6)</u>, Exhibit A, <u>DNA Report dated July 21, 2006 (DNA Report)</u>, at 2. Gibson then brought this action asserting that he is entitled to habeas relief because of: (1) unreasonable delay in addressing his post-conviction request for DNA testing; and (2) actual innocence.

2

## ANALYSIS

The Respondent moves to dismiss because neither of the two asserted grounds is a basis for habeas relief. Gibson is entitled to habeas relief if he can demonstrate that he is in state custody because his conviction or sentence violated his constitutional rights. 28 U.S.C. § 2254(a). The Respondent argues that Gibson's two grounds for relief, even if true, fail to demonstrate a constitutional violation. The Court agrees.

Gibson first asserts a claim for habeas relief because of the state's unreasonable delay in granting his post-conviction request for DNA testing of the samples taken from the victim. There is no constitutional right to state post-conviction relief; therefore, delay in such relief did not violate Gibson's rights. Jackson v. Duckworth, 112 F.3d 878, 879-80 (7th Cir. 1997); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996). Thus, Gibson is not entitled to federal habeas relief because of any such delay.

Gibson also asserts his actual innocence as grounds for habeas relief. The constitution guarantees certain rights that are intended to give an accused a fair trial, but not a perfect trial. Thus, proof that Gibson was actually innocent does not, by itself, establish that his rights were violated. Schlup v. Delo, 513 U.S. 298, 315 (1995); Herrera v. Collins, 506 U.S.

3

390, 404 (1993). Gibson's claim of actual innocence, standing alone, is not a basis for federal habeas relief.

Moreover, even if actual innocence were a basis for habeas relief, Gibson has failed to present any evidence of actual innocence. The DNA results were inconclusive. The quoted passage from the DNA Report stated that Gibson cannot be excluded as a possible person who was the source of some of the fluid in the sample taken from the victim. Thus, the DNA evidence does not exonerate Gibson. Gibson is not entitled to habeas relief.

THEREFORE, Respondent's Motion to Dismiss as Noncognizable (d/e 16) is ALLOWED. The Petition for Habeas Corpus Relief (d/e 1) and the Amended Motion for Court to Grant Petitioner's Habeas Corpus Relief Due to the Prosecutioner's Inordinate Delay and State Court's Failure to Give Petitioner a Full and Fair Due Process Hearing (d/e 6) are DISMISSED with prejudice. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 14, 2009

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE